| | |
|---|---|
| DEONDRA WILSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, TA'LAYSHIA WILSON, SURVIVING HEIR OF THOMAS JOHNSON, III, DECEASED AND THOMAS JOHNSON, JR. | CIVIL ACTION NO. 3:20-cv-00351 |
| | JUDGE TERRY A. DOUGHTY |
| | MAGISTRATE JUDGE KAYLA D. MCCLUSKY |
| VERSUS | |
| THE CITY OF BASTROP THROUGH HENRY COTTON, MAYOR; BASTROP POLICE DEPARTMENT ("BPD"), THROUGH ALLAN CAMPBELL, CHIEF OF POLICE; JOSHUA A. GREEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS "BPD" POLICE OFFICER AND JOHN L. MCKINNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS "BPD" POLICE OFFICER | |

## RULING

Pending here is the Court's *Sua Sponte* Notice that it intends to *sua sponte* enter summary judgment in favor of the City of Bastrop through Henry Cotton, Mayor; and, the Bastrop Police Department through Allan Campbell, Chief of Police (hereinafter, the "City Defendants",) denying Plaintiffs' claims against them with prejudice [Doc. Nos. 38, 39]. Also pending is Plaintiffs' objection [Doc. No. 40].

In the Court's Ruling granting Defendants Joshua A. Green ("Green") and John L. McKinney's ("McKinney") Motion for Summary Judgment [*id.*], the Court found Green and McKinney's use of force was presumptively reasonable under the circumstances, and, thus, there was no constitutional violation. The Court further found that, even if there were a constitutional violation, Plaintiffs' cannot point to any clearly established law that would defeat Green and

McKinney's defense of qualified immunity. Finally, the Court gave Notice that, given these findings, it intended to deny Plaintiffs' claims against the remaining City Defendants. [Doc. No. 38, p. 25]. The Court gave Plaintiffs twenty-one (21) days to file a response to the Notice. Plaintiffs timely filed a response [Doc. No. 40].[1] Defendants filed a reply [Doc. No. 41].

After reviewing the record, including Plaintiffs' response, and the applicable law, the Court finds that the City Defendants are entitled to judgment denying Plaintiffs' claims against them.

"A local government entity or municipality is not subject to liability under § 1983 by virtue of the doctrine of respondeat superior." *Campbell v. Sturdivant*, 3:20-CV-00068, 2020 WL 7329234, at *9 (W.D. La. Nov. 25, 2020), *report and recommendation adopted*, 3:20-CV-00068, 2020 WL 7323904 (W.D. La. Dec. 11, 2020) (citing *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985)). "Thus, to impose § 1983 liability against a government entity for the misconduct of one of its employees or officers, plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of the entity." *Campbell, supra* (citing *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006); *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978)). Specifically, a plaintiff must identify (a) a policymaker, (b) an official policy or custom or widespread practice, and (c) *a violation of constitutional rights whose "moving force" is the policy or custom*. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. (emphasis added).

A municipality cannot be held liable when its employee did not violate the Constitution. *Malbrough v. Stelly*, 814 Fed. Appx. 798, 806 (5th Cir. 2020) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)); see also *Cardenas v. San Antonio Police Dep't,* 417 F. App'x 401, 402 (5th Cir. 2011) ("because the individual

---

[1] Plaintiffs filed a Notice of Appeal before the Court could rule on the *Sua Sponte* Notice [Doc. No. 42].

defendants did not inflict any constitutional harm on Cardenas, the district court properly granted summary judgment for the City of San Antonio"). Likewise, here, because there was no constitutional violation by Green and/or McKinney, the City Defendants are entitled to summary judgment.

In their response, although Plaintiffs recite legal principles on *Monell* liability, they provide no basis by which such liability could be imposed upon the City Defendants. As noted above, a municipality cannot be held liable when its employee did not violate the Constitution. *Malbrough*, *supra*. Because Plaintiffs failed to establish a genuine issue of material fact as to whether there was any constitutional violation by Green and McKinney, they have no basis to proceed against the City Defendants. The law cited by Plaintiffs and above makes clear that one of the essential elements of *Monell* liability is a violation of a constitutional right. Plaintiffs failed to establish this in opposing Green and McKinney's summary judgment motion.

Plaintiffs additionally argue that they should be permitted to proceed with their claims against the City Defendants because discovery was previously limited to the issue of qualified immunity. This argument fails to consider that discovery on the issue of qualified immunity allowed Plaintiffs the opportunity to develop facts to support their allegations of a constitutional violation—something relevant to both their claims against Green and McKinney and their claims against the City Defendants. However, this discovery resulted in Plaintiffs' failure to establish an essential element of their claims against Green and McKinney as well as their *Monell* claim against the City Defendants—that Green and McKinney committed a constitutional violation. Regardless of Plaintiffs' ability to conduct additional discovery, the law is clear that there can be no liability for the City Defendants where its employees did not violate the constitution. Here, Plaintiffs had

ample opportunity to come forward with sufficient evidence to demonstrate a genuine dispute of material fact on that issue, but they failed to carry their burden.

The law is clear that the City Defendants cannot be held liable where its employees did not violate the Constitution. In light of the Court's dismissal of the claims against Green and McKinney on the basis of qualified immunity, including its determination that Plaintiffs failed to establish a genuine factual dispute as to whether Green or McKinney committed a constitutional violation, the City Defendants are entitled to summary judgment dismissing Plaintiffs claims against them with prejudice.

MONROE, LOUISIANA, this 7th day of July 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**